UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:13-cr-0203-TWP-TAB-1 |
| CALVIN MURRAY, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On June 25, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 23, 2014 and June 2, 2014. Defendant Calvin Murray appeared in person with his appointed counsel, Joe Cleary. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant admitted the violations. [Docket Nos. 6 & 9.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

2    **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

Mr. Murray has not maintained full-time verifiable employment since the commencement of his supervised release. He reported working briefly through a temporary employment agency from approximately October 14, 2013, to October 28, 2013, but failed to verity his job. He appears to have made no good faith effort to obtain and maintain employment.

3    **"The defendant shall not participate in a drug abuse and alcohol abuse and mental health and anger management referral, assessment, and treatment programs, at the defendant's own expense through participation in a co-payment program administered by the probation office, as approved and directed by the probation officer, and the defendant shall take any medications prescribed by a licensed medical provider."**

On September 10, 2013, the defendant was referred to the Westside Community Health Center for a mental health evaluation. As of the filing of this petition, he has not obtained a mental health evaluation as instructed.

4    **"If not employed at a regular lawful occupation, the defendant shall perform at least twenty hours of community service each week and participate in a job skill training and counseling program, daily job search or other employment-related activities, at the defendant's own expense, all as approved and directed by the probation officer, to begin within the first ninety days of placement on supervision."**

Mr. Murray has been instructed to perform 20 hours of community service weekly as he is not employed. He has not complied. To date, he has completed only one week of community service (total 20 hours) from March 24, 2014, to March 27, 2014, at Brothers United in Indianapolis.

5    **"The defendant shall participate in a General Equivalency Degree (G.E.D.) Preparation Course, at the defendant's own expense, and attempt to obtain a G.E.D. within the first year of supervision."**

The defendant has not complied with the probation Officer's instructions to attend G.E.D. classes, nor has he made an effort to obtain his G.E.D.

On September 10, 2013, he was referred to Indianapolis Public Schools Adult Education for G.E.D. classes, but has not enrolled in the program.

4. Government orally moved to dismiss violations 1 and 6 and the Court granted the same.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of Defendant's supervised release, therefore, is 6-12 months' imprisonment.

5. The Parties recommended a sentence of 12 months and 1 day, with 18 months of supervised release to follow. Defendant's conditions of supervised release are modified to include up to 120 days at the Volunteers of America, non-lockdown status. Defendant is not to have any form of contact with Morgan Mosley and Caroline Pineda.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, followed by 18 months of his supervised release. Defendant's conditions of supervised release are modified to include up to 120 days at the Volunteers of America on non-lockdown status and he is to have no form of contact with Morgan Mosley and Caroline Pineda. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 06/30/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution to counsel of record via electronic notification.

USPO